Joheather McSWAIN et al.

v.

COUNTY BOARD OF EDUCATION OF ANDERSON COUNTY, TENNESSEE et al.

Civ. A. No. 1555.

United States District Court
E. D. Tennessee, N. D.

Jan. 4, 1956.

See also, 104 F.Supp. 861.

Z. Alexander Looby, Avon N. Williams, Jr., Nashville, Tenn., Carl A. Cowan, Knoxville, Tenn., Thurgood Marshall, New York City, for plaintiffs.

E. L. Joyce, County Atty. Anderson County, Clinton, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This case is before the Court on two motions, one being that of defendants for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Urged in support of this motion is the theory that the case has become moot, for the reason that the five students for whom the suit was originally instituted are shown by affidavit to be no longer enrolled either in the schools of Anderson County or in Austin High School at Knoxville.

In opposition to the motion, plaintiffs insist that the original suit was a class action, instituted by plaintiffs for themselves and for all other Negroes of high school grade in Anderson County, similarly situated as were the original named plaintiffs. It was Clinton High School that the five students who initiated the action desired to attend. They did not represent themselves, however, as being the only Negroes of high school grade who were denied admission to the schools attended by white students in Anderson County. At the hearing of the case on its merits, it appeared that there were other Negroes similarly situated, all of whom were transported to a high school outside that County.

This Court held that, although the suit was instituted by plaintiffs purportedly as a class suit, it was not such in reality. The Court, accordingly, adjudicated their rights as they related to the Clinton High School. Exception was taken by the defendants to this holding and an appeal was perfected to the Court of Appeals. The case was not decided by that Court until the opinion was rendered by the Supreme Court in the case of Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873.

On June 30, 1954, a mandate was received by the Clerk of this Court from the Clerk of the Court of Appeals which reads in part as follows: "It is ordered, adjudged, and decreed that the judgment of the district court be and is hereby reversed and the case remanded to the district court for further proceedings upon the authority and in accordance with the decision of the Supreme Court in Brown v. Board of Education. [347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873] (Decided May 17, 1954)."

On July 29, 1954, an order was entered by this Court stating that the final decree in the case should await the final decision of the Supreme Court in the case of Brown v. Board of Education, supra. The Brown case decision, among other things, sustains plaintiffs' theory that the suit here should properly have been treated as a class action.

On September 16, 1955, an order was entered by this Court referring to the final decision in the Brown case and its directive to school authorities to discontinue segregation practices with reasonable expedition. The order provided that jurisdiction of the case would be retained for the issuance of such other orders as might be necessary.

Plaintiffs themselves have moved for the entry of a final decree.

It is the duty of this Court to comply with the clear mandate of the Supreme Court. The holding of that Court, as applied to this case, requires adoption by school authorities of Anderson County of a program of integration that will expeditiously permit the enrollment of Negroes of high school grade to the high schools of that county. The Supreme Court stated in substance that the school authorities should make a "prompt and reasonable start" toward that objective. The record here indicates that Anderson County school authorities have had this problem under consideration from time to time, apparently in good faith, but have as yet taken no positive action in the way of discontinuing segregation.

It is the opinion of this Court that desegregation as to high school students in that county should be effected by a definite date and that a reasonable date should be fixed as one not later than the beginning of the fall term of the present year of 1956.

In due course orders will be entered, the one denying the motion for summary judgment, the other granting the motion for a final decree and providing that segregation as to high school students in Anderson County be discontinued as of the time above indicated.